UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 1, 2017

LETTER TO COUNSEL

RE: *Jamette Beverly v. Commissioner, Social Security Administration*;
Civil No. SAG-15-2646

Dear Counsel:

Albert B. Carrozza, Esq., has filed a motion seeking payment of $6,518.75 in attorney's fees in conjunction with his representation of Jamette Beverly before this Court. [ECF No. 22]. The Commissioner opposes Mr. Carrozza's motion, alleging that it is untimely. [ECF No. 23]. I have considered those filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Carrozza's motion for payment of attorney's fees is DENIED.

Mr. Carrozza does not specify in his motion whether he seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") or § 406(b) of the Social Security Act ("SSA"). [ECF No. 22]. Regardless, Mr. Carrozza's motion is untimely under either provision. Beginning with the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.* The Supreme Court has noted that:

> An EAJA application may be filed until 30 days after a judgment becomes "not appealable"–i.e., 30 days after the time for appeal has ended. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment[.]"

*Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). In this case, judgment was entered on April 26, 2016, and the time for appeal ran until June 24, 2016. Mr. Carrozza submitted his motion for attorney's fees on June 23, 2017, more than one year after this

case was remanded to the Agency for further proceedings. Mr. Carrozza's motion falls well outside the time period announced by the Supreme Court, and is therefore untimely under the EAJA.

Turning to the SSA, where benefits are awarded after appeal, 42 U.S.C. § 406(b) authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). The Social Security Act does not impose a time limit for fee petitions under § 406(b). Rule 54(d)(2)(B) of the Federal Rules for Civil Procedures states, "Unless a statute or court order provides otherwise, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). The Local Rules for the United States District Court for the District of Maryland specify that a motion for attorney's fees in Social Security cases must be filed within thirty days of "the entry of judgment." D. Md. R. 109.2(c) (July 1, 2016). Furthermore, "[n]on-compliance with these time limits shall be deemed to be a waiver of any claim for attorneys' fees." D. Md. R. 109.2(a).

The term "entry of judgment" has not been defined in this context. Other courts have run the time for filing a Social Security fee petition from the date of counsel's receipt of the SSA's Notice of Award, not from the date of the remand order, which likely occurred years earlier. *See Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (holding that it is appropriate to toll the filing deadline for a petition for attorney's fees under 406(b) until the date the attorney is notified of the Notice of Award); *Jones v. Astrue*, 1:09CV61, 2012 WL 2568083, at *1 (W.D.N.C. June 29, 2012) (finding a petition filed eight months after the court's remand order timely based on an earlier extension of the time in which plaintiff's counsel could seek attorney's fees under § 406(b) to a period thirty days after the final Notice of Award); *see also* In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2), Standing Order No. 08-03 (N.D. Ga. 2008), available at http://www.gand.uscourts.gov/pdf/Standing_Order_08-03.pdf (requiring fee petitions to be filed no later than thirty days past the date of the Social Security letter containing the past-due benefit calculation). However, even if this Court were to use the latest date in this case as the "entry of judgment," which is the April 30, 2017 Notice of Award, (ECF No. 23-1), Mr. Carrozza's petition is untimely. Mr. Carrozza does not contend that he received that notice significantly later than April 30, 2017. Mr. Carrozza's June 23, 2017 petition was submitted fifty-five days after the date of the Notice of Award, thereby clearly violating the thirty-day deadline imposed by Local Rule 109.2(c). In accordance with Local Rule 109.2(a), then, Mr. Carrozza's non-compliance is deemed to be a waiver of any claim for attorney's fees for his work before the district court.

For the reasons set forth herein, Mr. Carrozza's motion for attorney's fees (ECF No. 22) is DENIED. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge